JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANE ALCAREZ, | Case No. CV 14-4765 FMO (Ex) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| FEDEX CORPORATION, et al., | |
| Defendants. | |

On February 6, 2014, Diane Alcarez ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against FedEx Corporation and Does 1 through 5. (See Notice of Removal ("NOR") at ¶ 1 & Exhibit ("Exh.") B ("Complaint")). In March 2014, plaintiff dismissed FedEx Corporation and filed an Amendment to the Complaint, adding Federal Express Corporation ("defendant" or "Federal Express") as Doe 1. (See id. at ¶ 2 & Exhs. D & E). On May 22, 2014, counsel for Federal Express signed a notice of acknowledgment of receipt of the complaint. (See id. at ¶ 3 & Exh. A; id., Exh. I (Declaration of Craig E. Lindberg in Support of Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332, 1441, and 1446) ("Lindberg Decl.") at ¶ 4). On June 20, 2014, Federal Express removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441 & 1446. (See NOR at Introduction & ¶¶ 11-25).

Having reviewed the Complaint and the Notice of Removal, the court hereby remands this

action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted).  Moreover, if there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Here, defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. See 28 U.S.C. § 1332.[3] As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint alleges "damages in an amount to be determined at trial[,]" rather than a specific amount. (See Complaint at 24, Prayer for Relief).

Defendant contends that the "amount in controversy exceeds $190,000," based on calculations of back pay/forward pay and attorney's fees. (See Lindberg Decl. at ¶¶ 8 & 10).[4] As for the former component, defendant contends that plaintiff "earned at least $29,000 per year in the four years before her alleged injury in November 2010." (NOR at ¶ 17; Lindberg Decl. at ¶ 7). Defendant notes that plaintiff seeks to recover both lost earnings and employment benefits, (see NOR at ¶ 17), and that plaintiff "would seek . . . two years of back pay ($58,000) and perhaps two years of front pay (another $58,000) for total lost wages of $116,000[.]"  (Id.; Lindberg Decl. at ¶ 8). Defendant's contentions are unpersuasive.

First, defendant does not state what the necessary factors in its calculation were, e.g., the

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

[4] Defendant also refers to plaintiff's request for "[p]unitive damages." However, defendant omits punitive damages from its calculations and does not provide evidentiary support for including punitive damages. (See, generally, NOR at ¶¶ 16-24; Lindberg Decl. at ¶¶ 7-11). Accordingly, it is unnecessary to address this topic. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (declining to "address this [argument] because Carmickle failed to argue this issue with any specificity in his briefing"); Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010) ("the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.") (internal quotation marks and citations omitted).

3

number of hours defendant approximated to reach that total, how it reached that approximation, or how it quantified the employment benefits in the calculation. (See, generally, NOR; Lindberg. Decl.). Nor does defendant provide any evidence by which the court could confirm the accuracy of that amount. (See, generally, NOR; Lindberg. Decl.). Such unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a). See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory threshold].") (internal quotations omitted) (emphasis in the original).

Second, even assuming defendant had provided sufficient information and evidence to establish the amount in controversy, defendant improperly included front pay in its calculations. However, in measuring lost wages for purposes of the amount in controversy, the calculation must be done as of the date of removal. See, e.g., Soto v. Kroger Co., 2013 WL 3071267, *3 (C.D. Cal. 2013) ("Jurisdiction based on removal depends on the state of affairs when the case is removed. Thus, Kroger is not persuasive when it argues that wages up until the present should be included in the amount in controversy.") (internal quotation marks and citations omitted); Haase v. Aerodynamics Inc., 2009 WL 3368519, *4 (E.D. Cal. 2009) ("The amount in controversy must be determined at the time of removal. At the time of removal, Plaintiff's lost wage claim, a special damage, totaled $21,830.") (internal citation omitted). Considering lost wages only up to the time of removal is particularly appropriate here because the Complaint does not explicitly demand front pay, (see, generally, Complaint at 24, Prayer for Relief), nor does defendant point to any evidence or state any reason why plaintiff would seek and be entitled to two years of front pay. (See, generally, NOR at ¶ 17); see also Gamino v. HireRight Soultions, Inc., 2011 WL 1211356, *2 (S.D. Cal. 2011) ("Plaintiff points out that the Complaint's prayer does not seek front pay and that Plaintiff's past lost wages . . . do not amount to or exceed $75,000. At the time of removal, it appears that the lost wages in question were the wages Plaintiff would have earned . . . until the date of removal[.] This amount would certainly be significantly less than $75,000. Moreover, even

4

if Plaintiff were seeking front pay, [defendant's] calculations regarding the amount of front pay that would be at issue at the time of trial is entirely speculative[.]"); Flores v. Atl. Eng'g Grp., Inc., 2010 WL 519122, *1 (E.D. Wash. 2010) ("The court finds that the amount in controversy is unclear from the face of the Complaint and that Defendant has failed to carry its burden of proof. Plaintiffs were employed for only one month and two months, each, and Defendant offers no support for its claim that Plaintiffs would be entitled to multiple years of front and back pay. Thus, nothing in the record suggests that Plaintiff's actual damages would even begin to approach $75,000.").

Finally, plaintiff's Complaint includes a claim for attorney's fees. (See Complaint at 24, Prayer for Relief; NOR at ¶¶ 20-21). Defendant estimates that "Plaintiff would incur more than $75,000 in fees if her attorney(s) worked more than 200 hours over the life of the case at $375 per hour." (Lindberg Decl. at ¶ 10). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). However, "courts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109 at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendant provides no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, NOR). Defendant has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, Pomona, East Division, 400 Civic Center Plaza, Pomona, CA 91766.

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 28th day of August, 2014.

/s/
Fernando M. Olguin
United States District Judge